UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RONALD JACKSON,

                     Plaintiff,

      -against-

THE FISHKILL CORRECTIONAL FACILITY
STAFF AND SUPERVISOR SUPERINTENDENT
AND ASSISTANTS, *et al.*,

                     Defendants.

21-CV-0991 (CM)

ORDER OF DISMISSAL UNDER
28 U.S.C. § 1915(g)

COLLEEN McMAHON, Chief United States District Judge:

    Plaintiff, currently incarcerated at Fishkill Correctional Facility, brings this action *pro se*. Plaintiff did not submit the filing fees or request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). For the purposes of this order, the Court assumes Plaintiff seeks to proceed IFP.

    Plaintiff is barred from filing any new action IFP while a prisoner.[1] *See Jackson v. Fischer*, ECF 1:10-CV-5587, 6 (S.D.N.Y. Sept. 9, 2010). That order relied on 28 U.S.C. § 1915(g), which provides that:

> In no event shall a prisoner bring a civil action [IFP] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

---

[1] In an abundance of caution, the Court independently reviewed Plaintiff's litigation history, which shows that he brought at least three actions or appeals that were dismissed for failure to state a claim or as frivolous. *See Jackson v. Fisher*, ECF 1:10-CV-5587, 3 (dismissed without prejudice for failure to state a claim), *appeal dismissed*, ECF 1:10-CV-5587, 10 (dismissed "because it lack[ed] an arguable basis in law of fact"); *Jackson v. People of October 19-25, 1994*, No. 08-CV-2069 (S.D.N.Y. Mar. 3, 2008) (dismissed as frivolous), *appeal dismissed*, ECF 1:08-CV-2069, 11 (same).

Here, Plaintiff's complaint does not show that Plaintiff is in imminent danger of serious physical injury.[1] Instead, Plaintiff alleges that correctional staff at Fishkill have intercepted his mail. Plaintiff is therefore barred from filing this action IFP.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. The complaint is dismissed without prejudice under the PLRA's "three-strikes" rule. *See* 28 U.S.C. § 1915(g).[2] Plaintiff remains barred from filing any future action IFP while in custody, unless he is under imminent threat of serious physical injury.[3] *Id.* Plaintiff may commence a new action by pre-paying the entire filing fee of $350.00.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:  April 6, 2021
        New York, New York

                                                  _____
                                                  COLLEEN McMAHON
                                                  Chief United States District Judge

---

[1] An imminent danger is one "existing at the time the complaint is filed." *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002). A danger "that has dissipated by the time a complaint is filed" is not sufficient. *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009).

[2] If Plaintiff does file a new action and pays the filing fee, that complaint will be reviewed under 28 U.S.C. § 1915A, which requires the Court to dismiss *any* civil rights complaint from a prisoner if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

[3] The Court may bar any vexatious litigant (including a nonprisoner) from filing future actions (even if the filing fee is paid) without first obtaining leave from the Court. *See In re Martin-Trigona*, 9 F.3d 226, 227-30 (2d Cir. 1993) (discussing sanctions courts may impose on vexatious litigants, including "leave of court" requirement).